575 A.2d 966

**In re Appeal of Revocation of Operating Privileges of Paul L. PATCHEL, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 2, 1990.

Decided May 29, 1990.

Reargument Denied July 18, 1990.

Joseph W. Chupein, Jr., Richard, DiSanti, Hamilton & Gallagher, Media, for appellant.

David R. White, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellee.

Before CRUMLISH, Jr., President Judge, PELLEGRINI, J., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Paul L. Patchel (Patchel) appeals from the order of the Court of Common Pleas of Delaware County, issued July 7, 1989, which denied his appeal of license revocation and refused to grant a supersedeas staying the revocation pending disposition of his appeal from criminal convictions in Superior Court. Patchel's motor vehicle operating privileges were revoked by the Pennsylvania Department of Transportation (DOT) pursuant to provisions of the Vehicle Code, 75 Pa.C.S. §§ 101–9910.

On November 4, 1988, following a jury trial, Patchel was convicted of two counts of homicide by vehicle and two counts of leaving the scene of an accident involving death or personal injury. Acting pursuant to Sections 1532 and 1542 of the Vehicle Code,[1] DOT revoked Patchel's operating privileges for a total period of nine years.

Patchel filed six petitions for judicial review of these revocations, and made application for a supersedeas staying the revocations pending the disposition of his appeal to the

---

1. Section 1532 provides, in relevant part:
   (a) Revocation.–The department shall revoke the operating privilege of any driver for one year upon receiving a certified record of the driver's conviction of any of the following offenses:

     .    .    .    .    .

   (3) Any violation of the following provisions:
   Section 3732 (relating to homicide by vehicle).
   Section 3742 (relating to accidents involving death or personal injury).

     .    .    .    .    .

   Section 1542 requires revocation of the license of an habitual offender.

Superior Court from the criminal convictions. A hearing was held June 23, 1989. The court refused to hear Patchel's argument for the supersedeas, and at the conclusion of the hearing made an oral ruling from the bench dismissing the petitions. On July 7, 1989, written orders were filed denying the appeals from the license revocations. By separate order dated July 7, 1989, the court also refused Patchel's motions for reconsideration of the dismissal of his petitions.

Patchel raises the following questions on appeal: (1) whether the trial court erred in denying his application for a supersedeas staying the license revocation pending the disposition of his appeal to the Superior Court, and (2) whether the trial court erred in refusing to permit the admission of exhibits offered in support of his request for a supersedeas.

Patchel has not appealed the trial court's denial of his appeal of the revocations, rather he has appealed only the denial of a supersedeas. Section 1550 of the Vehicle Code governs proceedings upon appeal of a license revocation. Section 1550(b) provides:

> The filing of the petition shall operate as a supersedeas and no recall, suspension, cancellation or revocation shall be imposed against such person until final determination of the matter.

This section provided Patchel with an automatic supersedeas until final determination of the appeal from the license revocation. Since Patchel has not timely appealed the trial court's decision regarding his license revocation, that decision is a final determination which dissolved his supersedeas.

In motor vehicle license revocation cases, the legislature has seen fit to limit supersedeas of the license revocation during the pendency of final determination. In view of this legislative mandate, we are without authority to grant a supersedeas in such cases after a final determination.

## ORDER

AND NOW, this 29th day of May, 1990, the order of the Court of Common Pleas of Delaware County, issued July 7, 1989 in the above-captioned matter, is affirmed.

The decision in this case was reached before the retirement of CRUMLISH, former President Judge.