555 A.2d 285

James K. Howarth, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs November 22, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Frank J. Marcone,* for appellant.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE DOYLE, March 3, 1989:

Before this Court is an appeal by James K. Howarth (Licensee) from an order of the Court of Common Pleas of Delaware County which denied Licensee's appeal from the suspension of his operating privileges by the Department of Transportation (DOT).

On October 14, 1981, DOT notified Licensee that his license was being suspended for a period of one year pursuant to Section 1536 of the Vehicle Code, 75 Pa. C. S. §1536, as a result of the accumulation of eleven points against his driving record. Licensee appealed this action to the court of common pleas on November 12, 1981. A hearing was scheduled for April, 1982, but it was continued due to the request of DOT's counsel. The appeal before the trial court did not commence until six years later, and the court's decision was issued on March 28, 1988.

In this appeal, Licensee contends that the trial court committed error in affirming the suspension of his operating privileges because a six-year delay in issuing the suspension will cause an undue hardship for him. We agree.

It is well-settled that DOT is responsible for administrative delays which occur between its receipt of notice of a conviction and its action in forwarding an official notice of suspension. *Davis v. Department of Transportation,* 122 Pa. Commonwealth Ct. 392, 552 A.2d 338 (1988). In addition, if a licensee can show prejudice or undue hardship as a result of that delay, the suspension will not stand. *Id.* In this case, however, DOT promptly notified

Licensee of his suspension, and the delay came after both parties agreed to continue the April 1982 hearing date before the court of common pleas.

Our examination of the record discloses that at the originally scheduled hearing, it was *DOT* that requested the continuance as its counsel did not have the file for Licensee's case.[1] Thereafter, DOT never made any attempt to reschedule the hearing and let the matter lay dormant for a period of six years. During that time, Licensee got married, had three children and, more importantly, obtained a job as a truck driver. Moreover, Licensee has not incurred any traffic violations for the duration of this supersedeas, which was triggered by his original appeal to the trial court. This supersedeas was automatic and continuing. *See* Section 1550(b) of the Vehicle Code (Code), 75 Pa. C. S. §1550(b).[2]

We believe that under the narrow facts of this case, the onus was upon DOT to reschedule the hearing. Further, since Licensee has unquestionably shown the requisite prejudice because of DOT's unreasonable delay in rescheduling the hearing,[3] the suspension must be vacated.

Finally, Licensee argues that he never received notice that three points had been "assigned" to his record

----

[1] We note that the trial judge did not have before him the record of the 1982 continuance request by DOT. This portion of the record was located subsequent to his decision.

[2] Though not germane to our present consideration, we note in passing that under Section 1537(a) of the Code, 75 Pa. C. S. §1537(a), three points per year are removed from a licensee's record for each year in which that licensee has not committed a violation that results in the assignment of additional points or a suspension or revocation of his/her license.

[3] *See Davis; Department of Transportation v. Hosek*, 3 Pa. Commonwealth Ct. 580, 284 A.2d 524 (1971) (licensee who relied upon DOT's inaction and changed jobs to become a *truck driver* demonstrates requisite prejudice).

on June 2, 1980 and May 8, 1981. Due to the disposition of the first issue, however, we need not reach the merits of this argument.

Accordingly, for the reasons stated herein, we shall reverse the order of the trial court.

ORDER

NOW, March 3, 1989, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby reversed and DOT is directed to reinstate Licensee's operating privileges.