642 A.2d 1139

Samuel W. BENNETT, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted Sept. 24, 1993.

Decided May 4, 1994.

Reargument Denied July 12, 1994.

Robert B. McGuiness, for appellant.

David R. White, Asst. Counsel, Appellate Section, and Timothy P. Wile, Asst. Counsel In–Charge, Appellate Section, for appellee.

Before CRAIG, President Judge, KELLEY, J., and DELLA PORTA, Senior Judge.

KELLEY, Judge.

Samuel W. Bennett appeals from an order of the Court of Common Pleas of Bradford County (trial court) which dismissed Bennett's appeal from a one-year suspension of his operating privileges imposed by the Department of Transportation, Bureau of Driver Licensing (DOT) pursuant to section 1543(c)(1) of the Motor Vehicle Code (Code) [1] for violation of

---

1. Act of June 17, 1976, P.L. 162, No. 81, *as amended,* 75 Pa.C.S. § 1543(c)(1).

section 1543(a) [2] (driving a vehicle while operating privilege is suspended or revoked). We reverse.

On October 1, 1990, Bennett was found guilty of violating section 1543(a) on July 15, 1990. Bennett informed his employer of the conviction and, consequently, was immediately terminated from his employment as a tractor trailer operator. Bennett collected unemployment compensation benefits for approximately the next nine months.

Bennett secured new employment as a truck driver in June, 1991. Approximately two weeks later, by letter dated June 24, 1991, DOT notified Bennett that as a result of his October, 1990 conviction, his operating privileges were again being suspended for a period of one year, effective July 29, 1991. It is undisputed that Bennett's employment requires that he maintain a valid operator's license.

Bennett appealed to the trial court, alleging that the delay of over eight months between Bennett's conviction and his suspension caused Bennett to believe his operating privileges were not going to be suspended. Relying on this belief to his detriment, Bennett argued, he secured new employment which requires him to have a valid operator's license. Bennett claimed prejudice because the suspension occurred at a time when he had employment, rather than during his period of unemployment.

The trial court noted that prejudice may be shown when in reliance on the delay in suspension, one leaves a job to take another which requires a license. *Department of Transportation v. Hosek, Jr.,* 3 Pa.Commonwealth Ct. 580, 284 A.2d 524 (1971). The trial court reasoned, however, that Bennett left unemployment for employment; that he was not prejudiced by exhaustion of his unemployment benefits; and he was not prejudiced by the delay. The trial court dismissed the appeal.[3] Bennett appeals from this determination.

**2.** 75 Pa.C.S. § 1543(a).

**3.** Because the trial court concluded that Bennett had not demonstrated prejudice, the court did not consider the question of whether Bennett had shown unreasonable delay attributable to DOT.

■ On appeal, we will consider whether the trial court erred in determining that the delay in suspending Bennett's operating privileges was not prejudicial to Bennett.

■ We note initially that our scope of review of a common pleas court decision in a motor vehicle license suspension case is limited to a determination of whether the findings of fact are supported by competent evidence, errors of law have been committed, or the court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Daniels,* 117 Pa.Commonwealth Ct. 640, 544 A.2d 109 (1988).

■ To sustain an appeal of a license suspension, a licensee must prove that an unreasonable delay chargeable to DOT led the licensee to believe that his operating privileges would not be impaired *and* that he would be prejudiced by having his license suspended after the delay. *Department of Transportation, Bureau of Traffic Safety v. Lyons,* 70 Pa.Commonwealth Ct. 604, 453 A.2d 730 (1982).

■ The law is clear that mere passage of time is insufficient to set aside a suspension; prejudice must also be shown. *Rea v. Department of Transportation, Bureau of Driver Licensing,* 132 Pa.Commonwealth Ct. 145, 572 A.2d 236 (1990). Prejudice is shown when the licensee is able to demonstrate that he changed his circumstances to his detriment in reliance on his belief that his operating privileges would not be impaired. *Lyons.*

The licensee in *Rea,* which involved a ten-year delay, proved prejudice because he renewed his license throughout the ten years and maintained his employment at an auto dealership in a position integrally related to having an operator's license.

In *Walsh v. Department of Transportation,* 137 Pa.Commonwealth Ct. 549, 586 A.2d 1034 (1991), this court held that, even with a four-year notice delay, the licensee still had the burden of proving that he acted to his detriment because of the delay. The licensee sustained that burden by showing that after losing his sales job because of the notice of suspen-

sion, he eventually accepted a second sales job that required a license. Moreover, after obtaining his new employment, the licensee in *Walsh* purchased a house and two automobiles for which he had monthly obligations.

This court also cited several examples in *Rea* of what is not prejudice: loss of promotion, diminished employment prospects, loss of employment where driving is not part of the job duties, and economic hardship.

■ Here, Bennett maintains in his brief that he "changed his employment status from unemployment compensation recipient to truck driver" based on detrimental reliance that his operating privileges would not be suspended. (Appellant's brief, p. 9.) Bennett argues that if his appeal fails and the suspension is sustained, he will be unable to keep his present job as a truck driver. This probability, coupled with a presumption that unemployment benefits will be unavailable to Bennett, combine to support his argument that he is prejudiced by the delay. We agree. The loss of employment requiring an operator's license is prejudicial. *Rea.*

After a ten-year delay, the licensee in *Rea* changed his status from a college student, at the time the violation prompting the suspension occurred, to that of an automobile dealer. Considering the gross delay and the drastic change in status, this court concluded that ample prejudice was established.

In *Walsh,* the licensee changed his employment status from a security guard to a salesman. In voiding the suspension, we noted in particular that the licensee showed that he had been prejudiced with evidence that he purchased a new home and two automobiles after securing new employment.

Further, in *Hosek,* in reliance on DOT's delay in suspending his operating privileges, the licensee left employment as a mover's helper to take a job as a truck driver. We held that the licensee showed prejudice by making such a move when the former job did not require a license, but the latter job did.

After he pled guilty to driving while under suspension, Bennett immediately began searching for new employment.

In reasonable reliance on a belief that his operating privileges were not to be further restricted, Bennett's job search included positions as a truck driver. For DOT to interfere with Bennett's present employment circumstances would be unreasonably prejudicial in light of the opportunity DOT failed to exploit for eight months when Bennett's circumstances were not as dependent on his ability to operate a vehicle.

While the eight-month delay in the present case is less than those experienced by licensees in either *Rea* or *Walsh,* we conclude that Bennett's detrimental reliance on the delay is equally prejudicial. Although a change from unemployment compensation recipient to truck driver is not a change in employment status in the same manner as addressed in *Walsh* or *Rea,* the resulting detriment is the same. Moreover, we view the change in status from unemployment compensation recipient to gainfully employed truck driver as the most substantial change in employment status one may contemplate.

It is in the light of this analysis that we make the following observation. The Commonwealth established the unemployment compensation system to provide for a more comfortable transition from one employment situation to another without the burden of sudden economic hardship befalling the separated employee. However, a complimentary public policy encourages the swift removal of citizens from the status of unemployment compensation recipient to contributing members of the work force. We believe that DOT's refusal to consider such a transition in the present case, as well as in those situations analogous to the case *sub judice,* serve only to contradict the progressive policies of the Commonwealth.

Consequently, we conclude that DOT's delay in suspending Bennett's operating privileges was unreasonable and that Bennett has sufficiently demonstrated that he relied to his detriment on the belief that his license would not be suspended. Bennett has established that a suspension under the present circumstances would be prejudicial to him.

670

Accordingly, the order of the trial court dismissing Bennett's appeal is reversed.

## *ORDER*

NOW, this 4th day of May, 1994, the order of the Court of Common Pleas of Bradford County, dated March 22, 1993, at No. 91 DL 000346, is hereby reversed.