once he observed Appellant driving the vehicle.[1] Accordingly, I believe that the trial court erred in its legal conclusion that Officer Moore did not possess articulable and reasonable grounds for stopping Appellant. Cressley's statement and the attendant circumstances surrounding it provided a sufficient basis for stopping Appellant. In this case it was not necessary for Officer Moore to witness a Vehicle Code violation as a prerequisite to stopping Appellant as Officer Moore possessed an independent basis for doing so. Thus, I would affirm the Order of the Superior Court.

CASTILE, J., joins this dissenting opinion.

673 A.2d 921

**Samuel W. BENNETT,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 23, 1996.

Decided April 8, 1996.

1. I believe that the majority's attention to Officer Moore's failure to "further inquire as to whether Appellant was fit to drive" is misplaced. Op. at 618. Based on Cressley's statement that she had the keys, there was no reason to investigate further. By failing to inquire further, it can be reasonably assumed that Officer Moore believed Cressley's assurances that everything was alright and that the situation, at least for the time being, did not warrant further action on his part. This is especially true in this case where Officer Moore testified that he knew Cressley and had no reason to believe that she would lie to him. (R.R. at 7a, 30a). Thus, it would have been perfectly reasonable for the officer to believe that either Cressley or the other woman would have driven Appellant home or that Appellant was going to wait and sober up before driving.

Timothy P. Wile, Harold H. Cramer, Philadelphia, John L. Heaton, Harrisburg, for the Com.

Robert B. McGuinness for Samuel Bennett.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

673 A.2d 921

**Charles E. JAMES, Petitioner,**

v.

**Laraine L. JAMES, Respondent.**

Supreme Court of Pennsylvania.

April 11, 1996.

William A. Hebe, Wellsboro, for Petitioner.

## ORDER

PER CURIAM.

AND NOW, this 11th day of April, 1996, the Petition for Allowance of Appeal is granted. The case shall be submitted on briefs. Argument is restricted to the following question:

1. Where a spouse has a pension which is partially marital property and partially separate property, and where the