**Steven KOLLER, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted July 26, 1996.

Decided Aug. 29, 1996.

Allen H. Smith, York, for Appellant.

Timothy P. Wile, Assistant Counsel In-Charge, Harold H. Cramer, Assistant Chief Counsel, for Appellant.

Before COLINS, President Judge, PELLEGRINI, J., and KELTON, Senior Judge.

PELLEGRINI, Judge.

Steven Koller (Licensee) appeals from an order of the Court of Common Pleas of York County (trial court) denying his "Motion to Dismiss" and upholding the Department of

Transportation, Bureau of Driver Licensing's (Department) suspension of his driver's license for failure to submit to chemical testing.

On January 5, 1993, the Department notified Licensee that his driver's license was being suspended for one year for refusing to take a chemical test in accordance with 75 Pa.C.S. § 1547. Licensee appealed [1] to the trial court asserting that he did not refuse chemical testing because it was never offered. A hearing on Licensee's appeal was scheduled for June 15, 1993, but at the request of the Department was continued because the arresting officer was unavailable due to overseas military duty. In continuing the case, the trial court's order stated that "this hearing is continued until the next time scheduled for license suspension appeals." However, the hearing was not rescheduled until October 23, 1995, two years after the last docket activity.

█ Even though it was his appeal, Licensee filed a "Motion to Dismiss" asserting that Pennsylvania Rule of Judicial Administration No. 1901 as implemented by York County Court Rule No. 6035 (Local Rule No. 6035) and the Supreme Court's decision in *Penn Piping, Inc. v. Insurance Company of North America*, 529 Pa. 350, 603 A.2d 1006 (1992), dictate that because there was no docket activity on his appeal for two years, "the case be resolved in favor of [Licensee] for failure of the [Department] to proceed within two years of the continuance." (Licensee's Motion to Dismiss). The trial court denied the Motion to Dismiss opining that Local Rule No. 6035 applies only to civil trials, not statutory appeals, and, in any event, it was Licensee's responsibility as the appellant to move the case through the system without undue delay. The trial court also noted that if it granted Licensee's Motion to Dismiss, it would be Licensee's appeal that would be dismissed resulting in reinstatement of the Department's suspension of Licensee's driver's license. After rejecting Licensee's motion, the trial court considered the case on

1.  75 Pa.C.S. § 1550 provides for judicial review of license suspensions and also mandates that the filing of the appeal acts as a supersedeas to the license suspension until the appeal is resolved.

the merits and denied Licensee's appeal. This appeal followed.[2]

■ Not challenging the resolution on the merits, Licensee is contending that the trial court erred by not dismissing because, when there is no docket activity for a two-year period, under the rules and *Penn Piping,* the case "must be resolved in his favor."[3] Pennsylvania Rule of Judicial Administration No. 1901 provides in relevant part that "[w]here a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter." Pa. R.J.A. No. 1901. This rule goes on to direct each court of common pleas to make local rules to implement Pa. R.J.A. No. 1901. York County Court Rule No. 6035 states in relevant part:

> All civil cases filed in this court, ... which shall not have been reduced to judgment or final order, and in which no action has been taken for a continuous period of two (2) years or more and which lack any docket activity for the same period of time or more, preceding the end of each calendar year, shall be terminated as herein provided, in accordance with Pa. R.J.A. 1901.

The purpose of Pa. R.J.A. No. 1901 is to foster the elimination of cases where a party has failed in its duty to bring the matter to a conclusion.[4]

As the trial court properly concluded, neither Pa. R.J.A. No. 1901 as implemented by Local Rule No. 6035 nor *Penn Piping* require that Licensee's Motion to Dismiss be granted and the matter resolved in his favor. The purpose behind the promulgation of both of these rules and *Penn Piping*[5] was to place the onus on the party initiating the action, the party with the burden to move the matter forward. Licensee is the party taking the appeal and, assuming the rules apply[6] to license suspension appeals, would be the moving party rather than the Department. Because Licensee is the moving party, contrary to the matter being resolved in his favor, the rules and *Penn Piping* auger in favor of his appeal being dismissed and his license being suspended.

■ Because the Department as the nonmoving party is not responsible for moving the appeal forward, the trial court did not err in denying Licensee's Motion to Dismiss and, accordingly, we affirm the order of the trial court denying Licensee's Motion to Dismiss and sustaining the Department's suspension of his driver's license.

2. Our scope of review is limited to a determination of whether the trial court's findings of fact are supported by substantial evidence or whether the trial court committed an error of law or abused its discretion. *Department of Transportation, Bureau of Driver Licensing v. Moss,* 146 Pa.Cmwlth. 330, 605 A.2d 1279, *petition for allowance of appeal denied,* 532 Pa. 648, 614 A.2d 1144 (1992).

3. There is doubt whether Pa. R.J.A. No. 1901 and the local rules implementing it even apply to statutory appeals. In *Shaw v. Department of Transportation, Bureau of Driver Licensing,* 122 Pa.Cmwlth. 636, 553 A.2d 108 (1989), we distinguished statutory appeals from civil actions and held that the Pennsylvania Rules of Civil Procedure only applied to civil actions. Unlike a civil action, the moving party in a statutory appeal has nothing more to do to move the case forward once it has perfected its appeal other than wait for the trial court to schedule the matter. *But see Blair v. Zoning Hearing Board of Pike,* 676 A.2d 760 (Pa.Cmwlth.1996), where we applied Pa. R.J.A. No. 1901 to a statutory appeal of an adjudication of a zoning hearing board.

4. The note to Pa. R.J.A. No. 1901 provides in relevant part that "[i]t is intended to foster elimination of stale cases from the judicial system where the parties have failed to proceed and which are carried as open matters because of the failure on the part of any party to seek dismissal or otherwise to bring the matter to a conclusion."

5. Our Supreme Court held in *Penn Piping,* 529 Pa. at 350, 603 A.2d at 1006, that a court has the discretion to employ its inherent power to dismiss a matter where the moving party has generated no docket activity for two years, and that when there is no docket activity for two years, prejudice to the non-moving party is presumed.

6. No matter whether the Rules of Civil Procedure apply to statutory appeals, the responsibility rests on the trial court, not the Department, to schedule a hearing. 75 Pa.C.S. § 1550(c) provides in relevant part that "[t]he court shall set the matter for hearing upon 30 days written notice to the department and determine whether the petitioner is in fact the person whose operating privilege is subject to the recall, suspension, cancellation, revocation or disqualification."

### ORDER

AND NOW, this 29th day of August, 1996, the order of the Court of Common Pleas of York County at No. 93–SU–00236–08 dated October 23, 1995, is affirmed.