### John Paul FISHER

v.

### COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted July 26, 1996.

Decided Sept. 24, 1996.

---

Marc A. Werlinsky, Assistant Counsel, and Timothy P. Wile, Assistant Counsel In–Charge, for Appellant.

John S. McVeigh, for Appellee.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

SMITH, Judge.

The Pennsylvania Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Bucks County that sustained the appeal of John Paul Fisher (Fisher) from DOT's reinstatement of the suspension of his operating privileges originally imposed pursuant to Section 1543(c)(1) of the Vehicle Code (Code), *as amended*, 75 Pa.C.S. § 1543(c)(1). The questions presented on appeal are whether DOT unreasonably delayed reinstating the suspension of Fisher's license and whether this delay resulted in prejudice to Fisher.

On March 19, 1991, Fisher was convicted of driving while his license was suspended. On August 5, 1991, DOT notified Fisher that his operating privileges were scheduled to be suspended for one year pursuant to Section 1543(c)(1). On September 5, 1991, Fisher filed a pro se petition with the court of common pleas appealing the notice of suspension. Instead of forwarding the petition to a judge, the Court Administrator sent a notice to Fisher informing him that the petition had been filed beyond the 30–day statutory period for appeals. Fisher interpreted this notice as a denial of his appeal and assumed that his license would be suspended. In the meantime, DOT received a copy of the appeal and a proposed and unsigned order for supersedeas. No further action was taken by either party on the appeal, and DOT restored Fisher's operating privileges on two subsequent occasions.

■ On October 1, 1993, the Buck's County Prothonotary notified Fisher and DOT that Fisher's appeal was terminated due to the lack of docket activity, but the notice sent to Fisher was returned as undeliverable. After advertising the notice, the Prothonotary officially terminated Fisher's appeal on August 25, 1995. On that same day, Fisher received a notice from DOT informing him that pursuant to his conviction four years earlier, his license was scheduled to be suspended. Fisher appealed the notice of suspension to the court of common pleas. Following a hearing, the trial court concluded that DOT had unreasonably delayed reinstating the suspension and that Fisher had suffered prejudice because of this delay. The trial court sustained Fisher's appeal.[1]

■ DOT contends that the trial court committed an error of law when it concluded that DOT had unreasonably delayed reinstat-

ing the suspension of Fisher's license. It is well established that to sustain an appeal on the basis of delay, the licensee must prove that an unreasonable delay chargeable to DOT led the licensee to believe that his or her operating privileges would not be impaired and that prejudice would result by having the operating privileges suspended after such delay. *Bennett v. Department of Transportation, Bureau of Driver Licensing,* 163 Pa.Cmwlth. 664, 642 A.2d 1139 (1994), *appeal dismissed as improvidently granted,* 543 Pa. 623, 673 A.2d 921 (1996).

Following a hearing, the trial court concluded that DOT was free to reinstate the suspension of Fisher's operating privilege as early as September 1991, because the supersedeas order forwarded to DOT was unsigned and was, therefore, non-binding. DOT does not disagree with this conclusion; however, it contends that it was unable to reinstate the suspension of Fisher's operating privilege prior to August 25, 1995 because Fisher's appeal was still pending before the trial court, and pursuant to 75 Pa. C.S. § 1550(b)(1), *as amended,*[2] Fisher was still entitled to a supersedeas.

■ The trial court found that Fisher's appeal was untimely because it was filed 31 days after the notification of suspension. Although DOT stated at trial and in its brief to this Court that it has interpreted Section 1550(b)(1) as mandating supersedeas only where a statutory appeal has been timely filed, DOT claims that it is its policy to grant supersedeas even if an appeal was filed out of time so long as it occurred within 14 days of the 30–day statutory appeal period. DOT has failed, however, to cite any justification or authority for this policy, which conflicts with case law that a court may not grant supersedeas to a licensee who did not timely

1. This Court's scope of review is limited to determining whether the trial court's findings of fact are supported by substantial evidence and whether the trial court committed an error of law or violated constitutional rights. *Dardozzi v. Department of Transportation, Bureau of Driver Licensing,* 660 A.2d 205 (Pa.Cmwlth.1995).

2. Section 1550(b)(1) provides:

In the case of a recall, suspension, cancellation or revocation, the filing of the petition shall operate as a supersedeas, and no recall, suspension, cancellation or revocation shall be imposed against such person until final determination of the matter.

appeal the revocation of his or her license. *See Appeal of Patchel,* 133 Pa.Cmwlth. 270, 575 A.2d 966 (1990). Thus because Fisher's appeal was untimely and the proposed order for supersedeas from the trial court was unsigned, this Court concludes that DOT was not required to grant supersedeas pursuant to Section 1550(b)(1).

DOT also contends that the delay in reinstating the suspension of Fisher's license is attributable to administrative errors by the trial court and to Fisher's failure to take any action on his appeal. DOT cites *Department of Transportation, Bureau of Driver Licensing v. Richardson,* 167 Pa.Cmwlth. 630, 648 A.2d 1308 (1994), *appeal denied,* 541 Pa. 644, 663 A.2d 695 (1995), and *Department of Transportation, Bureau of Traffic Safety v. Frampton,* 121 Pa.Cmwlth. 389, 550 A.2d 882 (1988), for the proposition that a delay in the prosecution or disposition of a matter which results in suspension is not tantamount to a delay in suspension attributable to DOT. In *Richardson* and *Frampton* there was a substantial delay in the trial court before conviction of a licensee in one case and the scheduling of a hearing in a license suspension appeal in the other case. Because DOT was unable to take any action until the trial court certified the convictions of the licensees and forwarded the certified record to DOT, this Court concluded that any delay in suspension was not attributable to DOT. In the case sub judice, Fisher had already been convicted of driving without a license, and DOT had previously received the certified record of that conviction. Consequently, DOT's reliance on these cases is misplaced.

DOT fails to acknowledge that it was "an active party with the duty to keep abreast of all developments in the appeal process." *Walsh v. Department of Transportation,* 137 Pa.Cmwlth. 549, 554, 586 A.2d 1034, 1037 (1991). Although DOT blames Fisher and the trial court for failing to take action, DOT nonetheless failed to file a motion to quash the appeal as untimely when it was initially filed in September 1991. Instead, DOT took no action and allowed the appeal to remain active on the docket for 3 and 1/2 years before reinstating the suspension of Fisher's license. Under the circumstances, the trial court correctly determined that DOT unreasonably delayed in reinstating the suspension of Fisher's license. *See Howarth v. Department of Transportation,* 124 Pa.Cmwlth. 39, 555 A.2d 285 (1989) (court concluded that unreasonable delay was attributable to DOT, which requested a continuance of a hearing and then allowed the case to lie dormant for six years).

DOT also contends that the trial court erred in concluding that Fisher established that he would suffer prejudice if his license were suspended after this delay. "Prejudice is shown when the licensee is able to demonstrate that he changed his circumstances to his detriment in reliance on his belief that his operating privileges would not be impaired." *Bennett,* 642 A.2d at 1141. "The loss of employment requiring an operator's license is prejudicial." *Id.* At trial, Fisher testified that he repeatedly contacted DOT to determine the status of his license and was assured that "his license was restored and there was no problem." N.T., p. 13. Based on these assurances and DOT's failure to reinstate the suspension, Fisher opened a delivery service in December 1991 that requires him to have a license to make deliveries for the business.

The trial court concluded that a suspension of Fisher's license at the present time would force him to close his business. Because there is substantial evidence to support the trial court's determinations that unreasonable delay by DOT occurred in this matter and that Fisher would suffer prejudice if his license were now suspended, the trial court properly sustained Fisher's appeal of DOT's August 1995 notice of license suspension. This Court therefore affirms the order of the trial court.

*ORDER*

AND NOW, this 24th day of September, 1996, the order of the Court of Common Pleas of Bucks County is hereby affirmed.