753 A.2d 233

**Cheryl E. TERRACIANO, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Supreme Court of Pennsylvania.

Submitted Feb. 23, 2000.

Decided June 23, 2000.

---

62

Leonard M. Mellon, Easton, for Cheryl E. Terraciano.

John V. Rovinsky, Scranton, for Trans., Bureau of Driver Licensing.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN, and SAYLOR, JJ.

## *OPINION*

NIGRO, Justice.

Appellant Cheryl E. Terraciano ("Terraciano") claims that the Commonwealth Court erred in affirming the trial court's denial of the appeal of her driver's license suspension. Terraciano argues that a seven-year delay in the suspension proceedings was an unreasonable delay attributable to the Pennsylvania Department of Transportation ("PennDOT"), and that she was prejudiced by the delay in the proceedings. We agree and therefore reverse.

On April 20, 1989, Terraciano was convicted of violating Section 1543(a) of the Vehicle Code.[1] By official notice dated June 8, 1989 (effective July 13, 1989), PennDOT revoked Terraciano's driver's license for a period of five years as a habitual offender.[2] Pursuant to 75 Pa.C.S. § 1550(a), Terraciano filed a timely appeal with the Court of Common Pleas of Northampton County.[3]

On February 16, 1990, the trial court held a hearing on the matter. At the hearing, Terraciano objected to PennDOT's introduction of her certified driving record because there was a discrepancy in the record as to the date of her third driving violation.[4] Terraciano asserted that PennDOT's certified documents were not trustworthy and that the certified record hearsay exception was no longer applicable. When PennDOT failed to produce an authenticating witness, the trial court granted Terraciano's appeal of her license suspension. PennDOT appealed to the Commonwealth Court.

The Commonwealth Court concluded that the trial court erred in finding that PennDOT was required to produce independent verification of Terraciano's certified driving record. Accordingly, on March 26, 1991, the Commonwealth

1. *See* 75 Pa.C.S. § 1543(a) (relating to driving while operating privileges have been suspended or revoked).

2. *See* 75 Pa.C.S. § 1542 (Revocation of Habitual Offender's License). Section 1542(a) provides that PennDOT "shall revoke the operating privileges of any person found to be a habitual offender." If, within any five year period, a person compiles three convictions of certain enumerated offenses, she is designated a habitual offender. 75 Pa.C.S. § 1542(a), (b). In 1989, § 1542(b) provided that offenses under § 1543 were to be considered when classifying a licensee as a habitual offender. Terraciano's April 20, 1990, conviction for violating § 1543(a) was her third conviction for violating § 1543 within a five-year period. Thus, PennDOT revoked Terraciano's license for five years pursuant to the habitual offender statute.

3. Under 75 Pa.C.S. § 1550(a), any person "whose operating privilege has been recalled, canceled, suspended, revoked or disqualified" by PennDOT has the right to appeal. Pursuant to subsection (b) of § 1550, the filing of an appeal operates as a supersedeas and PennDOT cannot impose any sanction until final determination of the matter.

4. The citation that gave rise to Terraciano's third conviction had two different dates for the violation: November 16, 1985 and October 16, 1985.

Court reversed the order of the trial court and remanded the matter for further proceedings. PennDOT, however, did not pursue Terraciano's driver license suspension for approximately seven years. The case languished until January 15, 1998, when PennDOT filed a praecipe with the trial court seeking to have the matter placed on the hearing list. On March 10, 1998, Terraciano filed a motion to dismiss for failure to prosecute. Terraciano argued that the seven-year delay was attributable to PennDOT and that she was prejudiced by the delay because she had since obtained a commercial driver's license and was employed as a school bus driver. The trial court concluded that the delay in prosecuting the matter was not attributable to PennDOT given the fact that the trial court was under a remand order from the Commonwealth Court. Accordingly, the trial court denied Terraciano's motion and listed the case for trial.

The trial court held a hearing *in camera* on the underlying license suspension appeal on August 28, 1998.[5] Based on the record, the trial court suspended Terraciano's driver's license for one year.[6] Terraciano appealed the suspension to the Commonwealth Court based on the trial court's failure to dismiss the suspension because of the seven-year delay. The Commonwealth Court affirmed. We granted allocatur to determine whether the trial court erred in failing to grant Terraciano's appeal of her license suspension based upon the seven-year delay between the Commonwealth Court's remand order and the subsequent rehearing.

Our scope of review of a decision in a license suspension case is limited to determining whether the trial court's

5. At the hearing, the parties stipulated to the entry of Terraciano's driving record because the Commonwealth Court had previously rejected Terraciano's only objection to introducing the record.

6. In 1994, the legislature amended the Vehicle Code and deleted 75 Pa.C.S. § 1543 offenses from the classes of offenses to be considered under the habitual offender statute. Act of December 7, 1994, P.L. 820. After this case lay dormant for seven years, PennDOT concluded, and the trial court agreed, that the proper sanction for Terraciano's conviction for violating § 1543(a) was a one-year suspension of her operating privilege pursuant to § 1543(c)(1), as opposed to the original five-year revocation of her license as a habitual offender.

findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Petrovick v. Department of Transp., Bureau of Driver Licensing,* 559 Pa. 614, 741 A.2d 1264, 1265 (1999). In order to sustain an appeal of a license suspension based on delay, the licensee must prove that: (1) an unreasonable delay chargeable to PennDOT led the licensee to believe that her operating privileges would not be impaired; and (2) prejudice would result by having the operating privileges suspended after such delay. *Fisher v. Department of Transp., Bureau of Driver Licensing,* 682 A.2d 1353, 1355 (Pa.Commw.1996).

■■■ Terraciano claims that the unreasonable delay in her case was attributable to PennDOT because PennDOT waited seven years to reinstate her license suspension. What constitutes an unreasonable delay will depend upon the circumstances of each individual case. *Lancos v. Department of Transp., Bureau of Driver Licensing,* 689 A.2d 342, 344 (Pa.Commw.1997).[7] Administrative delay may be held against PennDOT for purposes of determining whether there was an unreasonable delay. *Id.; Department of Transp., Bureau of Driver Licensing v. Turner,* 155 Pa.Cmwlth. 106, 624 A.2d 759, 761 (1993). Therefore, it is PennDOT's burden to prove that the delay was caused by some factor other than mere administrative inaction. *Turner,* 624 A.2d at 761.

■■■ When PennDOT fails to take responsibility for moving a case forward under circumstances where it is reasonable for it to be expected to do so, the delay is attributable to Penn-

---

**7.** *See Fisher,* 682 A.2d at 1356 (three and one-half-year delay unreasonable); *Bennett v. Department of Transp., Bureau of Driver Licensing,* 163 Pa.Cmwlth. 664, 642 A.2d 1139, 1141–42 (1994), *appeal dismissed as improvidently granted,* 543 Pa. 623, 673 A.2d 921 (1996) (eight-month delay unreasonable); *Department of Transp., Bureau of Driver Licensing v. Turner,* 155 Pa.Cmwlth. 106, 624 A.2d 759, 761 (1993) (nineteen-month delay unreasonable); *Walsh v. Department of Transp.,* 137 Pa. Cmwlth. 549, 586 A.2d 1034, 1037 (1991) (four-year delay unreasonable); *Rea v. Department of Transp., Bureau of Driver Licensing,* 132 Pa.Cmwlth. 145, 572 A.2d 236, 238 (1990) (ten-year delay unreasonable); *Howarth v. Department of Transp.,* 124 Pa.Cmwlth. 39, 555 A.2d 285, 286–87 (1989) (six-year delay unreasonable).

DOT. *Howarth v. Department of Transp.*, 124 Pa.Cmwlth. 39, 555 A.2d 285, 286–87 (1989). In *Howarth,* the Commonwealth Court concluded that the onus was on PennDOT to move the proceeding forward when an appeal was continued at Penn-DOT's request and then not relisted for six years. *Id.* at 287. Likewise, in *Fisher,* the Commonwealth Court found unreasonable delay attributable to PennDOT when PennDOT failed to file a motion to quash a licensee's untimely appeal and allowed the appeal to remain active on the docket for three and one-half years before reinstating the license suspension. *Fisher,* 682 A.2d at 1356.

█ Here, PennDOT was an active party to the case "with a duty to keep abreast of all developments in the appeal process." *See Fisher,* 682 A.2d at 1356. In order to place the case back before the trial court, PennDOT merely had to file a praecipe after the Commonwealth Court issued its order remanding the case on March 26, 1991. Instead, due to its own administrative inaction, PennDOT waited nearly seven years to file that praecipe. Moreover, the seven-year delay in this case occurred after PennDOT appealed to the Commonwealth Court from the lower court's order sustaining Terraciano's original appeal. As the appellant, PennDOT was responsible for pursuing its appeal to conclusion.[8] PennDOT could have simply relisted the case for hearing, thereby curing any oversight on the part of the trial court. Under these circumstances, we agree with Appellant that the seven-year lapse in the proceedings was an unreasonable delay attributable to PennDOT.[9]

8. Relying on *Koller v. Department of Transp., Bureau of Driver Licensing,* 682 A.2d 82 (Pa.Commw.1996), PennDOT argues that Terraciano had the burden of moving her case through the system. In *Koller,* the court found that PennDOT was not responsible for moving an appeal forward in the trial court because it was the licensee who had filed the appeal. *Id.* at 84. Here, unlike in *Koller,* the seven-year delay occurred after PennDOT's appeal to the Commonwealth Court, and not after any appeal made by Terraciano. Accordingly, PennDOT's reliance on *Koller* is misplaced and its argument is without merit.

9. PennDOT argues that the trial court was responsible for the delay, and correctly notes that judicial delay may not be attributable to PennDOT when determining whether there was an unreasonable delay.

In addition to establishing PennDOT's responsibility for the delay, Terraciano must also establish that the unreasonable delay led her to believe that her operating privileges would not be suspended, and that she would suffer prejudice by having her license suspended after the delay. *See Fisher,* 682 A.2d at 1355. Prejudice is established when a licensee shows that she, believing her privileges were no longer impaired, changed her circumstances to her detriment. *Id.* at 1356 (citation omitted). For example, in *Fisher,* the Commonwealth Court determined that the loss of employment requiring a driver's license constitutes prejudice. *Id.* at 1355.[10] Here, it is undisputed that Terraciano obtained her commercial driver's license during the seven-year delay and is now employed as a school bus driver. PennDOT issued Terraciano's commercial driver's license, which would certainly lead her to believe that her driving privileges were no longer impaired. *See Rea v. Department of Transp., Bureau of Driver Licensing,* 132 Pa.Cmwlth. 145, 572 A.2d 236, 238 (1990) (renewing license is evidence of reliance on PennDOT inaction). Because Terraciano will lose her employment if her

*See Turner,* 624 A.2d at 761. The rule that judicial delay may not be attributable to PennDOT in license suspension matters, however, stems from the underlying principle that PennDOT is unable to suspend a driver's license until it receives a certified record from the court system that the licensee has been convicted of an offense for which a suspension may be imposed. *Walsh v. Department of Transp.,* 137 Pa.Cmwlth. 549, 586 A.2d 1034, 1036–37 (1991). Such a situation differs markedly from an appeal from a suspension matter, because the conviction or event for which a suspension may be imposed has already been established. *See id.* at 1037. Thus, despite PennDOT's assertions to the contrary, the judicial delay rule is simply not applicable here. Rather, as discussed above, the delay in the instant case resulted from the laxity of PennDOT, an active party in the appeal proceedings, in allowing this case to languish for seven years.

10. In *Fisher,* the Commonwealth Court found that the licensee suffered prejudice when, following undue delay chargeable to PennDOT, he opened a delivery service requiring him to have a license. 682 A.2d at 1356. *See also Bennett v. Department of Transp., Bureau of Driver Licensing,* 163 Pa.Cmwlth. 664, 642 A.2d 1139, 1141–42 (1994), *appeal dismissed as improvidently granted,* 543 Pa. 623, 673 A.2d 921 (1996) (licensee prejudiced by eight-month delay when he changed his status from unemployment to truck driver); *Rea,* 572 A.2d at 238 (licensee prejudiced when he relied on PennDOT inaction and began working at an automobile dealership).

license is suspended, she clearly meets the prejudice requirement under *Fisher*.

PennDOT argues, however, that Terraciano may not obtain relief because she comes to this Court with unclean hands. PennDOT maintains that Terraciano should have contacted the trial court or filed a praecipe. A court may deprive a party of equitable relief where, to the detriment of the other party, the party applying for such relief is guilty of bad conduct relating to the matter at issue. *Shapiro v. Shapiro*, 415 Pa. 503, 204 A.2d 266, 268 (1964). The doctrine of unclean hands requires that one seeking equity act fairly and without fraud or deceit as to the controversy in issue. *Jacobs v. Halloran*, 551 Pa. 350, 710 A.2d 1098, 1103 (1998). Despite PennDOT's assertions to the contrary, there is nothing in the record to suggest that Terraciano acted unfairly, fraudulently or deceitfully in this matter. Instead, she simply appealed the suspension of her license. As such, Terraciano does not come to this Court with unclean hands.[11]

Based on the above analysis, we conclude that the trial court erred when it failed to grant Terraciano's appeal of her license suspension. Accordingly, the order of the Commonwealth Court is reversed. Jurisdiction relinquished.

---

11. PennDOT also argues that Terraciano has unclean hands because she received the automatic supersedeas granted by 75 Pa.C.S. § 1550(b) and continued to enjoy the use of her driving privileges during the seven-year lapse in this matter. We reject PennDOT's contention that Terraciano somehow acted unfairly, or with fraud or deceit, by accepting the statutory reprieve available to all appellants under the Vehicle Code.