**PennDOT v. Cheeseman**

C.P. of Bucks County, no. 2000-06641-17-6.

*Lee Silverman,* for plaintiff.
*Thomas A. Blackburn,* for defendant.

CLARK, *S.J.,* February 20, 2001—

## PROCEDURAL HISTORY

Licensee was arrested on July 29, 1995 for D.U.I. The local police deemed the matter a chemical refusal and so notified PennDOT. PennDOT sent a suspension notice on September 8, 1995 and licensee filed a pro se appeal on October 2, 1995, obtaining a stay of suspension. No hearing was ever held. On September 18, 2000, PennDOT sent a suspension notice to licensee, and licensee, represented by counsel, filed this timely appeal on October 18, 2000. The undersigned conducted a hearing on January 5, 2001.

## FINDINGS OF FACT

(1) The facts set forth in the procedural history above are incorporated into this paragraph and made a part hereof.

(2) As a result of the July 29, 1995 arrest, licensee received a six-month suspension of his driving privileges for possession of a small amount of marijuana.

(3) PennDOT renewed his driver's license on July 6, 1998.

(4) At the time of the July 29, 1995 arrest, licensee was employed locally.

(5) After his license was restored on July 6, 1998, licensee obtained different employment with a company known as Meritt Power.

(6) This new position requires licensee to commute in a company truck to work sites within a two and a half-hour radius.

(7) Should he lose his license he would be fired.

(8) Subsequent to October 2, 1995, despite notice of said appeal, PennDOT never filed a Bucks County praecipe to have the matter listed for a hearing.

(9) Licensee's first appeal lay dormant for approximately five years, until PennDOT's suspension notice of September 18, 2000, in reference to his new license.

(10) On January 15, 1998, the Bucks County Court Administrator's Office properly advertised a termination notice of the October 2, 1995 appeal due to inactivity pursuant to Bucks County Rule of Civil Procedure 900, and thereafter marked the case "terminated" on February 25, 1998.

## DISCUSSION

The Pennsylvania Supreme Court in the recent case of *Terraciano v. PennDOT,* 562 Pa. 60, 753 A.2d 233 (2000) stated on page 236:

"In order to sustain an appeal of a license suspension based on delay, the licensee must prove that: (1) an unreasonable delay chargeable to PennDOT led the licensee to believe that her operating privileges would not be impaired; and (2) prejudice would result by having the operating privileges suspended after such delay."

In a footnote, also on page 236, the court noted that delays of eight months, nineteen months, three and one-half years and four years were unreasonable delays.

The court also stated on page 236:

"Administrative delay may be held against PennDOT for purposes of determining whether there was an unrea-

sonable delay. . . . Therefore, it is PennDOT's burden to prove that the delay was caused by some factor other than mere administrative inaction. . . . When PennDOT fails to take responsibility for moving a case forward under circumstances where it is reasonable for it to be expected do so, the delay is attributable to PennDOT."

In finding against PennDOT by reversing the Commonwealth Court of Pennsylvania, the Supreme Court pointed out that all PennDOT had to do to place the case back before the trial court was file a praecipe.

In so holding, the Supreme Court stated in a footnote on page 237, that the judicial delay rule was not applicable as the delay resulted from "laxity" of PennDOT, an active party in the appeal proceedings.

In discussing the prejudice aspect of the case, the court also said on page 237:

"Prejudice is established when a licensee shows that she, believing her privileges were no longer impaired, changed her circumstances to her detriment."

In so stating, the court also said "loss of employment requiring a driver's license constitutes prejudice," pointing out that in the case, that licensee obtained a commercial driver's license during the delay as a school bus driver, which license was *issued* by PennDOT, "which would certainly lead her to believe that her driving privileges were no longer impaired."

This case is practically on "all fours" with our case. Licensee carried his burden of proof of establishing that the unreasonable delay (five years) was chargeable to PennDOT, and led him to believe that his operating privi-

leges would not be impaired, and further, that prejudice would result by having his operating privileges suspended after such delay, *i.e.,* the loss of employment.

We further conclude that PennDOT failed to sustain its burden of proof that five years delay was caused by some factor other than mere administrative inaction.

Therefore, we enter the following:

### ORDER

And now, February 20, 2001, after hearing, review of the record and memorandum, the appeal of Robert Cheeseman is sustained and his driving privileges will not be suspended.