J-A32010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CARLTON G. KELLY AND MARGARET M. KELLY, HIS WIFE, INDIVIDUALLY AND ON BEHALF OF PARADISE HILLS, L.L.C.,AND PARADISE HILLS, L.L.C.,  A PENNSYLVANIA LIMITED LIABILITY COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ROBERT VENNARE AND PAMELA M. VENNARE, HIS WIFE, AND HORSE N' SOUL, INC., A PENNSYLVANIA CORPORATION | |
| APPEAL OF: ANTHONY F. JESELNIK | |
| | No. 2069 WDA 2014 |

Appeal from the Order December 9, 2014
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): G.D. No. 08-011997

BEFORE:  SHOGAN, J., OTT, J., and STABILE, J.

DISSENTING MEMORANDUM BY OTT, J.:          **FILED MARCH 16, 2016**

After careful consideration of this matter, I must respectfully dissent. Attorney Anthony F. Jeselnik is entitled to some amount of money for the legal services he provided the Kellys; the question is whether Jeselnik is entitiled to an equitable charging lien against the proceeds of the Paradise Hills litigation.  The majority grants him this remedy.

However, "A court may deprive a party of equitable relief where, to the detriment of the other party, the party applying for such relief is guilty of

bad conduct relating to the matter at issue." ***Terracianno v. Commonwealth, Dept. of Transp., Bureau of Driver Licensing***, 753 A.2d 233, 237 (PA. 2000). The Rules of Professional Conduct require a contingent fee detail:

> [T]he method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before of after the contingent fee is calculated.

Rule of Prof. Conduct, Rule 1.5, 42 Pa.C.S.[1]

Despite the fact the Attorney Jeselnik's representation of the Kellys spanned numerous years, and the Kellys repeatedly sought clarification of the fee to be charged, my review of the certified record shows no such agreement was reached, written or oral. Moreover, the trial court specifically determined no such fee agreement existed. Because it was Jeselnik's responsibility to provide the agreement, and he did not, even after repeated requests by the Kellys, I do not believe he is entitled the benefit of the imposition of a charging lien. However, I do believe he is entitled to seek compensation pursuant to an appropriate legal remedy.

_____

[1] This rule also states a contingent fee agreement "shall be in writing." ***Id.*** However, this aspect of the rule is procedural and a sufficiently detailed oral contingent fee agreement is enforceable. ***See Miernicki v. Seltzer***, 458 A.2d 566 (Pa. Super. 1983).

Accordingly, I would affirm the well-reasoned decision of the Honorable R. Stanton Wettick, Jr.

Therefore, I respectfully dissent from the majority decision.