CITY OF WILKES–BARRE, Petitioner,

v.

WORKMEN'S COMPENSATION
APPEAL BOARD (PICKETT),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 16, 1996.

Decided Sept. 25, 1996.

Donald T. Rogers, for Petitioner.

David W. Saba, for Respondent.

Before FRIEDMAN and KELLEY, JJ.,
and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

City of Wilkes–Barre (Employer) appeals
from an order of the Workmen's Compensa-
tion Appeal Board (WCAB) which affirmed
the decision of a Workers' Compensation
Judge (WCJ) granting Edward Pickett
(Claimant) workers' compensation benefits.

Claimant began working for Employer as a
fire fighter on January 8, 1973. In 1983,
Claimant began to experience heart prob-
lems, and Claimant underwent a by-pass op-
eration in 1984. Claimant returned to work
after the surgery but, in 1987, Claimant be-
gan to have cardiac symptoms on a regular
basis.[1] Finally, as of December 24, 1987,
Claimant could no longer perform his job
duties as a fire fighter. (WCJ's December
16, 1993 op., Finding of Fact, No. 4.)

On April 25, 1988, Claimant filed a claim
petition, alleging that, as of December 24,
1987, he was totally disabled as a result of an
"aggravation of [his] coronary artery dis-

---

1. On October 7, 1987, while climbing a ladder
with a rope and an axe, Claimant experienced
chills, sweating and nausea. On November 6,
1987, after a multiple alarm fire, Claimant was
hospitalized for three weeks. On December 24,
1987, Claimant became nauseous and light-head-
ed while climbing stairs. On December 27,
1987, while watching television at home, Claim-
ant had chest pain, was taken to the hospital and,
subsequently, underwent two heart catheteriza-
tions. (WCJ's June 13, 1991 op., Findings of
Fact, Nos. 6, 10.)

ease." (WCJ's June 13, 1991 op., Finding of Fact, No. 1; R.R. at 6a.) Employer filed a timely answer denying the material allegations of the claim and hearings were held before a WCJ.

At the hearings, Claimant testified on his own behalf and offered the deposition testimony of Nicholas J. Ruggiero, M.D., a cardiologist. Dr. Ruggiero, who began treating Claimant on April 13, 1988, opined that Claimant cannot return to work as a fire fighter because of his coronary artery disease. Dr. Ruggiero further opined that Claimant's years of stress and his exposure to different gases while employed as a fire fighter *accelerated* his coronary artery disease.[2] (WCJ's June 13, 1991 op., Finding of Fact, No. 10.)

Employer presented the deposition testimony of Joel Morganroth, M.D., who examined Claimant for Employer on March 27, 1989. Dr. Morganroth testified that Claimant's high blood pressure, high cholesterol, heavy smoking and a family history of premature heart attacks caused Claimant's coronary artery disease. Dr. Morganroth also stated that, although exposure to carbon monoxide could cause angina or a heart attack, Claimant's working conditions did not *cause* his coronary artery disease. (WCJ's June 13, 1991 op., Finding of Fact, No. 11.)

Upon consideration of the evidence, the WCJ accepted Dr. Morganroth's opinion that Claimant's work as a fire fighter did not *cause* the coronary artery disease and concluded therefrom that Claimant failed to meet his burden of proof on the claim petition. Thus, the WCJ denied benefits to Claimant.

Claimant appealed to the WCAB, which remanded the case to the WCJ for additional findings and conclusions of law. The WCAB noted that the WCJ failed to recognize that, because Claimant worked as a fire fighter for more than four years, it is *presumed* that Claimant's employment as a fire fighter caused his heart disease. *See* sections 108(*o*) and 301(f) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 27.1(*o*) and 1401(f).[3] The WCAB also noted that the WCJ failed to address whether Claimant's coronary artery disease, if not work-related, was nevertheless *aggravated* by his work as a fire fighter.[4]

On remand, the WCJ accepted Dr. Ruggiero's opinion that Claimant's work as a fire fighter accelerated and aggravated Claimant's coronary artery disease and, thus, granted Claimant's claim petition. (WCJ's December 16, 1993 op., Finding of Fact, No. 9 and Conclusion of Law, No. 2.) Employer appealed to the WCAB, which affirmed the WCJ's decision.

---

2. Claimant also presented the testimony of Don Riemensnyder, a co-worker, who testified that Claimant could not keep up with the other firemen. (WCJ's June 13, 1991 op., Finding of Fact, No. 8.)

3. Section 301(c)(2) of the Act states that an "injury" under the Act includes an occupational disease as defined in section 108 of the Act. 77 P.S. § 411(2). Section 108(*o*) of the Act states that the term "occupational disease" includes:

   Diseases of the heart ... resulting in either temporary or permanent total or partial disability or death, after four years or more of service in *fire fighting* for the benefit or safety of the public, *caused by* extreme over-exertion in times of stress or danger or by exposure to heat, smoke, fumes or gasses [sic], *arising directly out of the employment of any such firemen.*

   77 P.S. § 27.1(*o*) (emphasis added). Sections 301(e) and 301(f) of the Act provide:

   If it is shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be *presumed* that the employe's *occupational disease arose out of and in the course of his employment, but this presumption shall not be conclusive.*

   77 P.S. §§ 413 and 1401(f) (emphasis added). Thus, in the case of a fire fighter who has worked four or more years and who has a heart disease, like Claimant, it is presumed that such employment *caused* the disease; however, the presumption is not conclusive and may be rebutted.

4. Indeed, Claimant's petition did *not* allege that his work as a fireman *caused* his coronary artery disease but, rather, that his work *aggravated* his coronary artery disease. (R.R. at 6a.)

On appeal to this court,[5] Employer argues that, in an occupational disease case, the statutory presumption of causation is rebuttable, and that Employer presented competent medical testimony to rebut the presumption here. We agree that the statutory presumption of causation is rebuttable,[6] and that Employer presented competent medical testimony to rebut that presumption.[7]

However, this is not an occupational disease case but, instead, a non-occupational disease workers' compensation injury case. Claimant did not assert his claim under sections 301(c)(2) and 108(o) of the Act; rather, Claimant averred that his work as a fire fighter *aggravated* his preexisting coronary artery disease, which is a claim under section 301(c)(1) of the Act.[8] Unfortunately, the WCJ never addressed this issue in the initial proceeding.[9]

On remand, the WCJ accepted the testimony of Dr. Ruggiero that fire fighting accelerated and aggravated Claimant's coronary heart disease. (WCJ's December 16, 1993 op., Finding of Fact, No. 9.) This is a proper finding supported by substantial evidence, and it does not conflict with the previous finding that fire fighting did not *cause* Claimant's heart disease.[10]

Accordingly, we affirm.

5. Our scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Berks County Home v. Workmen's Compensation Appeal Board (Schnable)*, 145 Pa.Cmwlth.582, 604 A.2d 767 (1992).

6. The WCAB clearly stated as much in its decision to remand this case to the WCJ:
   [T]he [WCJ] has failed to give Claimant the benefit of Section 108(o) of the Act and the presumption of Section 301(f) of the Act in his [C]onclusion of Law # 2. *Of course, the Section 301(f) presumption may be rebutted by competent evidence.*
   (WCAB's February 24, 1993 op. at 2.) (Emphasis added.)

7. Here, the WCJ accepted Employer's medical evidence and concluded that Claimant's work as a fire fighter did not *cause* his coronary artery disease. Thus, Employer successfully rebutted the presumption of causation.

ORDER

AND NOW, this 25th day of September, 1996, the order of the Workmen's Compensation Appeal Board (WCAB), at A93–3524, dated December 28, 1995, is affirmed.

8. Section 301(c)(1) of the Act, 77 P.S. § 411(1), states that the term "injury" includes an injury to an employee, *regardless of his previous physical condition*, arising in the course of his employment and related thereto, and *such disease as is aggravated or accelerated* by the injury.

9. Employer argues that the WCJ considered whether fire fighting *aggravated* Claimant's coronary heart disease in Findings of Fact, Nos. 10 and 12. (Employer's brief at 21.) We disagree. Our review of these findings indicates that the WCJ merely considered this case as an occupational disease claim and never treated Claimant's petition as a non-occupational disease workers' compensation injury.

10. Thus, Employer's argument that the WCAB substituted its own credibility determination for that of the WCJ is unfounded.