MCCOY, J.,
I. PROCEDURAL HISTORY
The Commonwealth of Pennsylvania, Department of Transportation, (hereinafter “appellant”) has appealed this court’s February 3, 2015, order. After a de novo hearing held on February 3, 2015, this court sustained appellee’s appeal of his license suspension and rescinded the twelve (12) month license suspension. Appellant filed a notice of appeal of the order of February 3,2015 on March 3,2015. Appellant filed a concise statement of errors complained of on appeal on March 27,2015. This opinion is submitted in regard to the pending appeal.
In appellant’s concise statement of matters complained of on appeal, filed March 25, 2015, appellant raised the following issue:
1. The trial court erred as a matter of law when it sustained the statutory appeal of Kristoffer Orwig (Orwig) from a one-year suspension of his operating privilege which the department imposed in accordance with the requirement of 75 Pa.C.S. §3804(e)(2)(i).
Appellant’s appeal should be denied and the court’s order affirmed.
*559 II. FACTS
On February 3, 2015 during a de novo hearing of Orwig v. Commonwealth of Pennsylvania, Department of Transportation the following facts were determined to have occurred.
Kristoffer Orwig’s, (hereinafter “appellee”) driving license was suspended as a result of a charge from May 2004. The appellant did not receive the record of conviction from the York County Clerk of Courts until October 17, 2014. The appellant sent the notice of suspension to the appellee on October 28, 2014. Appellee filed an appeal of the suspension on November 6, 2014. A hearing was held February 3,2015.
The appellee said he would be prejudiced to lose his driver’s license after such a significant delay. Appellee testified “My life is completely different from what it was ten years ago, maybe losing my license then wouldn’t have really mattered much, but now it’s pretty important”. Hearing transcript, February 3,2015, Page 4, lines 18-21. Appellee’s testimony was credible. Appellant entered into evidence, appellee’s driving record as Commonwealth’s 1. Appellee had approximately 23 driving violations from 1993 until 2007. The driving record shows no further driving infractions after 2007.
II. DISCUSSION
In the review of a license suspension case, the analysis is whether the factual findings of the trial court are supported by the evidence presented and whether there was an error of law or abuse of discretion committed by the trial court. Sitoski v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, 11 A.3d *560 12, 17 n.5 (Pa. Commw. Ct. 2010) (quoting Nornhold v. Department of Transportation, Bureau of Driver Licensing, 881 A.2d 59, 62 n.4 (Pa. Commw. Ct. 2005).
The standard for sustaining an appeal based on delay requires a defendant to show: “(1) an unreasonable delay chargeable to PennDOT led the licensee to believe that [his] operating privileges would not be impaired; and (2) prejudice would result by having the operating privileges suspended after such delay.” DOT, Bureau of Driver Licensing v. Gombocz, 589 Pa. 404, 407 (Pa. 2006) (internal citations omitted).
The court finds that the delay can and must be attributed to the department. The attorney for the appellant was well aware of the break down in the system of waiting for the York County Clerk of Courts to supply convictions to the Department. Hearing transcript, February 3,2015, page 2, lines 19-21. Appellant informed the court that the system was so problematic that the general assembly amended the law to allow more drivers to receive occupational licenses in response to the delay. Id. The department’s continued reliance on this system of waiting for the York County Clerk of Courts to supply the record of convictions and applying the suspension without regard to passage of time or prejudice was unreasonable. “When PennDOT fails to take responsibility for moving a case forward under the circumstances where it is reasonable for it to be expected to do so, the delay is attributable to PennDOT”. DOT, Bureau of Driver Licensing v. Gombocz, 589 Pa. 404, 408 (Pa. 2006)(intemal citations omitted). The appellant argues it cannot be held responsible for the delays caused by other entities. This court believes, in this circumstance, where the appellant was on notice as to the delay in its system the delay must be attributed to the appellant.
*561 Appellee was justified in the reliance upon the thought that his license would not be taken after a ten-year period from the date of the offense, and an eight-year period in which he had no further issue with the department. The court does find appellee would be prejudiced by the loss of license in excess of ten years after the conviction. This court specifically relies on appellee’s clean driving record in excess of eight years, to find that appellant has in fact dramatically improved his behavior.
CONCLUSION
The evidence supports the court’s factual determination that appellee would be prejudiced by a licenses suspension in excess of ten years after the underlying conviction, and that the delay is attributable to the appellant. Appellant knew the system of reliance upon the York County Clerk of Courts to timely produce records of conviction was flawed. Appellant’s continued reliance upon this system and application of suspension without concern for passage of time or prejudice was unreasonable.
The court’s order of February 3, 2015 should be affirmed and appellant’s appeal dismissed.