# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Richard Needham,            :

               Appellant       :

                             :

             v.                 :    No. 1110 C.D. 2015

                             :    SUBMITTED: November 20, 2015

Commonwealth of Pennsylvania,      :

Department of Transportation,       :

Bureau of Driver Licensing         :


**BEFORE:**     **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge[1]

                   **HONORABLE P. KEVIN BROBSON,** Judge

                   **HONORABLE ROCHELLE S. FRIEDMAN,** Senior Judge


## OPINION NOT REPORTED


**MEMORANDUM OPINION BY**

**JUDGE LEADBETTER**                    **FILED: May 4, 2016**


Licensee Mark Richard Needham appeals from an order of the Court of Common Pleas of Erie County denying his statutory appeal and reinstating the following operating-privilege suspensions imposed by the Department of Transportation, Bureau of Driving Licensing: (1) one-year suspension for conviction of Section 3802(b) of the Vehicle Code (Code), 75 Pa. C.S. § 3802(b) (driving under the influence/high rate of blood alcohol); and (2) fifteen-day add-on suspension for conviction of Section 3362 of the Code, 75 Pa. C.S. § 3362

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

(speeding).[2]   The sole issue before us is whether common pleas erred in determining that the approximately five-year delay in imposing the suspensions was not attributable to the Department because Licensee requested and secured a supersedeas of those suspensions in the underlying criminal case, thereby assuming the burden of moving his civil license suspension action forward.  We affirm.

Following an October 2009 non-jury criminal trial, common pleas found Licensee guilty of violating the aforementioned provisions of the Code.  In November 2009, it sentenced him to sixty days of electronic monitoring and four months of probation.  In December 2009, Licensee appealed those convictions to the Superior Court.  In February 2010, the Department in two separate notices imposed two civil license suspensions as a result of the aforementioned convictions.  In pertinent part, the appeal provision of each notice provided as follows:  "You have the right to appeal this action to the Court of Common Pleas (Civil Division) within 30 days of the mail date, February 10, 2010, of this letter. . . ."[3]   Instead of filing the statutory appeals with common pleas' civil division, however, then-counsel for Licensee filed a supersedeas request with the court's criminal division, which resulted in the issuance of a February 19, 2010, order granting a supersedeas of the Department's notices of suspension.  Despite the procedural irregularity, the Department honored the supersedeas order and restored Licensee's operating privilege pending appeal.  In May 2010, the Superior Court affirmed Licensee's criminal sentence.  In December 2010, the Supreme Court denied his July 2010 petition for allowance of appeal.  Subsequently, Licensee

---

[2] The statutory basis for the add-on suspension is Section 1544 of the Code, 75 Pa. C.S. § 1544.

[3] April 29, 2015, Hearing, Commonwealth Exhibit No. 1, February 10, 2010, Notice of Suspension, Sub-exhibit No. 6, at 2.

took no action to advise the Department that the appeal process had ended, i.e., the criminal case had come to a conclusion and the February 2010 supersedeas order was no longer in effect.

After the Department conducted an administrative review of its outstanding cases, Licensee's license suspension notices came to its attention. Consequently, in December 2014, the Department once again issued two notices of civil license suspensions based on Licensee's aforementioned convictions. This time, however, the notices of suspension did not contain appeal provisions.[4] Accordingly, when Licensee filed an appeal of the suspensions with common pleas in January 2015, the court issued a rule to show cause on the Department to establish why the appeal should not be granted and issued a stay of the suspensions pending a hearing. In response, the Department restored Licensee's operating privilege pending appeal.[5]

Following a hearing and submission of legal memoranda, common pleas upheld the suspensions. Specifically, it determined that Licensee, who was the party who requested supersedeas in the criminal division, was the moving party

---

[4] At the April 2015 hearing before common pleas, the Department stated that a licensee normally does not have the right to appeal the reinstatement of a suspension. *See Nagelberg v. Dep't of Transp.*, 543 A.2d 634, 635 (Pa. Cmwlth. 1988) (holding that, where common pleas dismissed licensee's appeal, thereby resulting in a final determination, it correctly quashed his attempted second appeal taken over a year later) and *Rinck v. Commonwealth*, 429 A.2d 1255, 1256 (Pa. Cmwlth. 1981) (holding that a licensee who withdraws the appeal of his license suspension cannot later appeal the reinstatement of that suspension). Here, however, the licensee alleged undue delay in reinstating the suspensions and, therefore, *Rinck* is inapplicable. *See Davis v. Dep't of Transp.*, 552 A.2d 338, 340 (Pa. Cmwlth. 1988) (holding that, "where one who withdrew the appeal from his suspension seeks review, not of the merits of the suspension, but to the delay in reinstating it, *Rinck* is inapplicable").

[5] Had Licensee taken a statutory appeal in 2010, the Department would have afforded him the automatic supersedeas that, with a few exceptions, accompanies a statutory appeal. Section 1550(b)(1)(i) of the Code, 75 Pa. C.S. § 1550(b)(1)(i).

3

for purposes of any civil license suspension proceedings and, therefore, he was responsible for moving any appeals of his civil license suspensions forward. In so ruling, the court rejected Licensee's argument that the delay in imposing the suspensions should be attributed to the Department both by virtue of its decision to honor the supersedeas and its subsequent administrative review of outstanding license suspension cases. The court further observed that the Department was not a party to the underlying criminal case and thus would not have received notice that the Supreme Court had denied Licensee's petition for allowance of appeal. Licensee's timely appeal to this Court followed.

In order to sustain an appeal of a license suspension based on delay, a licensee must establish that: (1) an unreasonable delay chargeable to the Department led the licensee to believe that his operating privilege would not be impaired; and (2) prejudice would result in having the licensee's operating privilege suspended after that delay. *Terraciano v. Dep't of Transp., Bureau of Driver Licensing*, 753 A.2d 233, 236 (Pa. 2000). Once a licensee raises the delay defense, the Department must then establish that the delay was caused by something other than administrative inaction. *Grover v. Dep't of Transp., Bureau of Driver Licensing*, 734 A.2d 941, 943 (Pa. Cmwlth. 1999). If the Department satisfies this burden, then the licensee's appeal should be dismissed. *Id*. If it does not meet this burden, then the burden shifts to the licensee to establish prejudice. *Id*.

Further, in determining attribution of delay, our Supreme Court has previously identified the moving party and accorded it the burden of moving a case forward. In *Terraciano*, the Court attributed the delay to the Department due to its failure to pursue the licensee's license suspension for seven years following the

4

Department's appeal to Commonwealth Court and our subsequent reversal and remand to common pleas. In so concluding, the Supreme Court determined as follows: "When PennDOT fails to take responsibility for moving a case forward under circumstances *where it is reasonable for it to be expected to do so*, the delay is attributable to PennDOT." *Terraciano*, 753 A.2d at 236 (emphasis added).

On the other hand, in *Department of Transportation, Bureau of Driver Licensing v. Gombocz*, 909 A.2d 798, 802 (Pa. 2006), the Court ultimately attributed the delay to the licensee, who filed the initial appeal. There, the question of attribution arose only when the Department moved to have the case transferred to another county as required by statute. In attributing the delay to the licensee, the Court reasoned that, despite the Department's motion to transfer being granted, the licensee had not only acknowledged the transfer but also made an effort to obtain a *de novo* hearing. The Court concluded, therefore, that the licensee "acknowledged his position as moving party by attempting to schedule a hearing, and although his efforts failed, it was by no fault of PennDOT." *Id*. at 802. Mindful of its conclusion in *Terraciano* that the delay in that case was attributable to the Department's inaction, the Court in *Gombocz* observed the "inverse" conclusion, "for where *the other party* is reasonably expected to move things forward, attribution will follow as well[,]" 909 A.2d at 801 (emphasis added). Accordingly, the Court attributed the delay in *Gombocz* to the licensee, who had the burden to move the case forward and failed to do so.

Here, we conclude that the inverse situation envisioned by the Court in *Gombocz* is once again present and that Licensee failed to establish that the delay following the Court's denial of his petition for allowance of appeal should be chargeable to the Department. As common pleas determined, Licensee both

5

sought and procured a supersedeas of the civil license suspensions in the criminal case rather than following the statutory procedure to appeal the suspension; thereafter, Licensee also failed to advise the Department that there was no longer an impediment to moving forward with the civil license suspension action. The mere fact that the Department kept track of "Old Open Statutory Appeal Cases" and issued a memo to its staff regarding those outstanding cases was insufficient to cause delay to be attributed to the Department. As that portion of the Department's memo regarding Licensee indicated: "[T]his case was never treated as a license suspension appeal by the civil trial court. The case should be closed out . . . ."[6]

Further, the fact that the Department abided by common pleas' supersedeas order in the underlying criminal case is insufficient ground to charge the Department with the ensuing delay. It was Licensee's former attorney who filed a motion in the underlying criminal case requesting a supersedeas of the civil license suspensions, thereby assuming the burden to advance the civil case at the conclusion of the criminal matter.[7] Accordingly, the situation in the present case is analogous to that in *Gombocz*, where the Supreme Court determined that the licensee was the moving party and that the delay was thus not attributable to the Department.

---

[6] April 29, 2015, Hearing, Commonwealth Exhibit No. 1, December 11, 2014 Memo from the Department's Assistant Chief Counsel, Western Regional Office, to Senior Assistant Counsel, Western Regional Office, Sub-exhibit No. 4, at 1.

[7] The February 2010 supersedeas granted by common pleas' criminal division ceased once Licensee exhausted the appeal process in his criminal case. In addition, as noted above, because he failed to take statutory appeals from the Department's February 2010 notices of suspension, there was no automatic supersedeas of those suspensions in place under Section 1550 of the Code pending a final determination by common pleas in its civil capacity. Accordingly, but for common pleas' issuance of a January 2015 order directing the Department to stay the suspensions, there was no impediment to the Department's reinstating those suspensions.

Accordingly, we affirm.[8]

_____

**BONNIE BRIGANCE LEADBETTER,**
Judge

---

[8] Because Licensee failed to satisfy the first prong of the *Terraciano* test, we do not reach the question of prejudice.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Richard Needham,         :
            Appellant    :
                        :
                        :
        v.          :   No. 1110 C.D. 2015
                        :
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing      :

# **O R D E R**

AND NOW, this 4th day of May, 2016, the order of the Court of Common Pleas of Erie County is hereby AFFIRMED.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge