IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy Gerald Martin,                           :
                           Appellant               :
                                                           :     No. 1331 C.D. 2015
                    v.                                 :
                                                           :     Submitted:  February 5, 2016
Commonwealth of Pennsylvania,         :
Department of Transportation,             :
Bureau of Driver Licensing               :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                    HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE DAN PELLEGRINI, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                          FILED:  July 5, 2016


            Timothy Gerald Martin (Licensee) appeals from the June 24, 2015 order of the Court of Common Pleas of Bradford County (trial court), which essentially denied his statutory appeal from an eighteen-month suspension of his operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing (DOT), pursuant to section 1547(b)(1)(ii) of the Vehicle Code (Code), 75 Pa.C.S. §1547(b)(1)(ii).[1]

---

[1] Section 1547(a) of the Code, commonly known as the Implied Consent Law, provides that "[a]ny person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath or blood . . . if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle. . . ."  75 Pa.C.S. §1547(a). Section 1547(b)(1)(ii) provides that if any person placed under arrest for driving while under the influence is requested to submit to a chemical test, refuses to do so, and either the person's **(Footnote continued on next page…)**

The underlying facts of this case are not in dispute. On January 26, 2012, Licensee was arrested and charged with driving under the influence of alcohol (DUI) following an incident that occurred in Bradford County. At the time of his arrest, Licensee was advised of the Implied Consent Law and was requested to provide a sample of his blood for chemical testing. Licensee, however, refused to allow a blood sample to be drawn. By official notice dated February 21, 2012, DOT informed Licensee that his operating privilege would be suspended for a period of eighteen months, effective March 27, 2012. Licensee thereafter filed an appeal with the Court of Common Pleas of Cambria County, his county of residence. (Trial court op. at 1.)

Prior to hearing on Licensee's appeal, DOT filed a motion with the Court of Common Pleas of Cambria County seeking to transfer the appeal to the trial court, asserting that Pennsylvania law, namely section 933(a)(1)(ii) of the Judicial Code, 42 Pa.C.S. §933(a)(1)(ii), requires that suspension appeals be heard in the county in which the offense giving rise to the appeal occurred.[2] Following a hearing, the Court of Common Pleas of Cambria County, finding that venue was proper in Bradford County where the alleged DUI and refusal occurred, granted DOT's motion and transferred the matter to the trial court. The trial court never scheduled a hearing

---

**(continued…)**

operating privilege has been previously suspended under this subsection or the person has, prior to the refusal, been sentenced for an offense under sections 3802 or 3731 (relating to driving under the influence of alcohol or controlled substance), or an equivalent offense, the Department shall suspend the person's operating privilege for a period of eighteen months.

[2] Section 933(a)(1)(ii) states that the venue for appeals from suspensions under section 1547 of the Code "shall be in . . . the county where the arrest for a violation of 75 Pa.C.S. §3802 (relating to driving under influence of alcohol or controlled substance) was made . . . ." 42 Pa.C.S. §933(a)(1)(ii).

and the matter remained dormant for a period of approximately twenty-seven months. (Trial court op. at 1-2.)

On December 29, 2014, DOT sent Licensee a second official notice informing Licensee that his operating privilege would be suspended for a period of eighteen months, effective February 2, 2015, as a result of his refusal to submit to chemical testing on January 26, 2012. On January 26, 2015, Licensee filed a motion with the trial court seeking a stay of the suspension of his operating privilege and requesting a hearing. Licensee simultaneously filed an appeal relating to DOT's December 29, 2014 notice of suspension. In this appeal, Licensee alleged that laches should apply, thereby preventing DOT from enforcing the suspension, by reason of DOT's failure to pursue this matter following its motion to transfer. Licensee further alleged that the unreasonable delay should be attributed to DOT, that he would be prejudiced by the delay, and that a current suspension would be to his detriment because he believed, due to the extensive delay, that his operating privilege would not be suspended. (Trial court op. at 2-4.)

A hearing was held before the trial court on May 6, 2015, which included testimony of Patrolman Eric Kier, the arresting officer in 2012, and Licensee. By opinion and order dated June 24, 2015, the trial court denied Licensee's motion for a stay and a hearing and addressed the issues raised by Licensee in his second appeal. The trial court, citing our Supreme Court's decision in *Department of Transportation, Bureau of Driver Licensing v. Gombocz*, 909 A.2d 798 (Pa. 2006), rejected Licensee's argument that the extensive delay following the transfer of the appeal to the Court of Common Pleas of Bradford County, and any resultant prejudice therefrom, was attributable to DOT. Consistent with *Gombocz*, the trial court held that, despite the transfer, Licensee remained the movant in this matter and

3

had the burden of moving the case forward. Thus, the trial court concluded that Licensee had failed to show that DOT caused an unreasonable delay in connection with Licensee's original appeal. Licensee now appeals.

On appeal to this Court,[3] Licensee argues that the trial court erred in denying his appeal "because it erroneously recognized [him] as the moving party." (Licensee's brief at 4.) However, in the argument section of his brief, Licensee argues that DOT's issuance of the December 29, 2014 suspension notice rendered the first suspension notice moot and required the trial court to examine "if the delay now caused prejudice to [him] instead of examining who was the moving party." *Id.* at 6. In this regard, Licensee further argues that the trial court erred in not recognizing that he was prejudiced by this delay. We disagree with Licensee's arguments.

Our Supreme Court has recognized that:

> In order to sustain an appeal of a license suspension based on delay, the licensee must prove that: (1) an unreasonable delay chargeable to [DOT] led the licensee to believe that [his] operating privileges would not be impaired; and (2) prejudice would result by having the operating privileges suspended after such delay.

*Terraciano v. Department of Transportation, Bureau of Driver Licensing*, 753 A.2d 233, 236 (Pa. 2000) (citation omitted).

In *Gombocz*, our Supreme Court reviewed this standard as it applied to a transfer of venue. In that case, the licensee was arrested for DUI in Bucks County and refused to submit to chemical testing. DOT sent the licensee a notice of suspension. The licensee subsequently filed an appeal with the Court of Common

---

[3] Our scope of review is limited to determining whether the trial court's necessary findings are supported by substantial evidence and whether the trial court committed an error of law or abused its discretion. *Martinovic v. Department of Transportation, Bureau of Driver Licensing*, 881 A.2d 30, 34 (Pa. Cmwlth. 2005).

4

Pleas of Lehigh County and DOT filed a motion to transfer venue to the Court of Common Pleas of Bucks County, which was granted on September 7, 1999. The licensee twice requested that the latter court schedule a *de novo* hearing, but no hearing date was ever scheduled. Three years later, DOT filed a motion to dismiss the licensee's appeal for lack of prosecution due to inactivity. The Court of Common Pleas of Bucks County denied DOT's motion and scheduled a hearing, at which time the licensee's counsel advised the court that his client would be unable to testify because of a lack of recollection regarding his 1999 arrest. The licensee thereafter moved to dismiss his suspension alleging prejudice resulting from the four-year delay.

The Court of Common Pleas of Bucks County set aside DOT's suspension, finding that the delay was attributable to DOT for failing to move the case forward after obtaining a transfer of venue and that such delay was prejudicial to the licensee given that he, contrary to the arresting officer, lacked any materials to refresh his memory. This Court affirmed, stating that when witnesses are unavailable to testify due to a lack of memory of the events at issue, it necessarily violates a defendant's due process rights. However, our Supreme Court reversed, concluding that the licensee, who filed the initial appeal, remained the moving party even after the grant of DOT's motion to transfer venue. As such, the court held that the licensee failed to establish the first prong of *Terraciano*, i.e., an unreasonable delay chargeable to DOT.

The present case is indistinguishable from *Terraciano* and mandates the same result. Here, Licensee filed the initial appeal in the Court of Common Pleas of Cambria County, his county of residence. DOT thereafter moved for, and was granted, a transfer of venue to the trial court. Consistent with *Terraciano*, any

5

subsequent delay in the case moving forward was not attributable to DOT. Rather, Licensee remained the moving party in the appeal and the trial court did not err in recognizing him as such.

While Licensee argues that DOT's original suspension is now moot and that the trial court should have considered whether DOT's delay in filing the December 29, 2014 suspension notice was prejudicial and barred by laches, Licensee premises this argument on DOT's failure to pursue its motion transferring the matter to the trial court and allowing the case to sit idle since the transfer in 2012. However, as *Terraciano* makes clear, this delay could not be attributable to DOT, under either suspension notice. Because Licensee could not meet the first prong of *Terraciano*, the trial court did not err in denying Licensee's appeal.

Accordingly, the order of the trial court is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy Gerald Martin,    :
     Appellant  :
          :  No. 1331 C.D. 2015
    v.      :
          :
Commonwealth of Pennsylvania, :
Department of Transportation,  :
Bureau of Driver Licensing   :

## ***ORDER***

AND NOW, this 5th day of July, 2016, the order of the Court of Common Pleas of Bradford County, dated June 24, 2015, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge