Stephen L. BROZENA, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 8, 2002.

Decided June 11, 2002.

Reconsideration En Banc
Denied Aug. 2, 2002.

William M. Blaum, Scranton, for appellant.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellee.

Before: FRIEDMAN, Judge, LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Stephen L. Brozena (Brozena) appeals from the order of the Court of Common Pleas of Lehigh County (trial court) which dismissed his statutory appeal from a one-year suspension of his operating privileges imposed by the Department of Transportation, Bureau of Driver Licensing (Department) pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547.[1] Based upon the following, we reverse.

---

**1.** Section 1547 of the Vehicle Code provides in pertinent part as follows:

(a) General rule.—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

(1) while under the influence of alcohol or a controlled substance or both; or. . . .

(b) Suspension for refusal.

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

(2) It shall be the duty of the police officer to inform the person that the person's

In 1984, Brozena moved from Littlestown, Pennsylvania to Sterling, Virginia, at which time, he turned in his Pennsylvania driver's license and obtained a Virginia driver's license. Brozena did not notify the Department that he had moved from the Pennsylvania address, but was informed that Virginia would do so.

On November 16, 1999 Chad A. Moyer, a Whitehall Police Officer (Officer Moyer), placed Brozena under arrest for driving under the influence of alcohol (DUI) after he refused to cooperate in a field sobriety test. Officer Moyer stated that Brozena was using the car for support, staggered when he walked, that he detected a strong odor of alcohol on Brozena's breath and that Brozena slurred his speech. After arresting Brozena, Officer Moyer told him that he was being taken to the DUI Center, explained the Pennsylvania implied consent law and transported him to the Health Network Labs at the DUI Center. At the time of his arrest, Brozena presented to Officer Moyer his Virginia driver's license and gave him his current address in Virginia.

At the DUI Center Brozena was read the local implied consent form, the state form, and his Miranda Rights. He initialed and signed the local form, still refusing to take a chemical blood test.

On January 3, 2000, the Department mailed to the Pennsylvania address where Brozena had resided 17 years ago, notice of a one-year suspension of his Pennsylvania driving privileges. That notice set February 7, 2000 as the effective date for commencement of the suspension. There was no indication that Brozena ever sent any acknowledgment back to the Department. The notice also advised Brozena

that he had 30 days from the date of the notice to appeal the suspension of his driving privileges. In April of 2000, Brozena started an ARD program as a result of the November 16, 1999 incident, at which time, he was informed of a 120–day suspension of his driving privileges in Pennsylvania. Brozena completed the ARD program in Virginia and submitted the forms to Lehigh County. In November of 2000, he was discharged from the ARD program.

On January 4, 2001, after moving back to Pennsylvania, Brozena went to the Department's Dunmore office to obtain a Pennsylvania Driver's License. At this office Brozena learned that his driving privileges were suspended in Pennsylvania due to the DUI offense of November 16, 1999. Brozena testified that twenty percent of his new job requires him to drive.

On January 18, 2001, Brozena filed an appeal of the suspension of his driving privileges in Lackawanna County. On February 28, 2001 the matter was transferred to Lehigh County. On June 11, 2001 a hearing was held before the trial court.

■ The trial court found that Officer Moyer had probable cause to arrest Brozena for DUI and that Brozena was read his warnings and did not consent to a blood alcohol test. The trial court also concluded that the Department properly notified Brozena of the suspension at his last known address "as it appeared on his Pennsylvania driving record" as required by 75 Pa.C.S. § 1515 of the Vehicle Code. Trial Court Opinion at 10. The trial court found Brozena's testimony regarding events that occurred the evening of his arrest to be unpersuasive, dismissed his

operating privilege will be suspended upon refusal to submit to chemical testing.

(3) Any person whose operating privilege is suspended under the provision of this section shall have the same right of appeal as provided for in cases of suspension for other reasons.

75 Pa.C.S. § 1547.

appeal and reinstated the one-year suspension of Brozena's operating privilege pursuant to 75 Pa.C.S. § 1547 of the Vehicle Code. Further, in its opinion, the trial court dismissed Brozena's appeal as untimely, being filed over 30 days from January 3, 2000. Brozena now appeals to our Court.[2]

On appeal, Brozena contends that the trial court erred in finding that Brozena's appeal was untimely, that the Department took an incorrect type of suspension of Brozena's driver's license privileges, that the Department was guilty of delay and Brozena was prejudiced by that delay, that the trial court's findings of fact are not supported by competent evidence, and that the trial court committed an error of law in determining that the Department had sustained its burden of proof regarding Brozena's license suspension.

■ First, we must address the timeliness of Brozena's appeal. The Department erred in sending the notice of Brozena's operating privilege suspension to a Pennsylvania address Brozena had 17 years ago. As Brozena was no longer a resident of Pennsylvania and when arrested produced a Virginia drivers license and gave a Virginia address, it was the Department's error that resulted in Brozena not receiving the notice. *See McCrea v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing,* 783 A.2d 380 (Pa.Cmwlth.2001); and *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Cern,* 145 Pa.Cmwlth. 647, 604 A.2d 1135 (1992). We find Brozena's appeal was timely, as Brozena did not have actual notice of the suspension until January 4, 2001.

■ Next, we must address whether the Department took an incorrect type of suspension of Brozena's driving privileges. The Department suspended Brozena's driving privileges in Pennsylvania pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547. As Brozena was not a resident of Pennsylvania at the time of his arrest, nor had he been for the seventeen years prior, a suspension under this Section of the Vehicle Code was in error.

■ Brozena presented a Virginia driver's license and gave a Virginia address when arrested. The correct section in which to suspend Brozena's license would be under Section 1546 of the Vehicle Code, 75 Pa.C.S. § 1546.[3] According to Section 1546 of the Vehicle Code, the Department was permitted to suspend Brozena's operating privilege "in like manner and for like cause as a resident's operating privilege." 75 Pa.C.S. § 1546. The Department is required to give proper notice to a resident as well as a nonresident that their operating privilege will be suspended in Pennsyl-

---

2. Our review is limited to determining whether the trial court's findings of fact are supported by substantial evidence and whether the trial court committed an error of law or violated constitutional rights. *Dardozzi v. Department of Transportation, Bureau of Driver Licensing,* 660 A.2d 205 (Pa.Cmwlth.1995).

3. Section 1546 of the Vehicle Code provides as follows:
§ 1546. Suspension or revocation of nonresident's operating privilege.
(a) General rule.—The privilege of driving a motor vehicle on the highways of this

Commonwealth given to a nonresident shall be subject to suspension or revocation by the department in like manner and for like cause as a resident's operating privilege. (b) Transmitting department action to state of residence.—When a nonresident's operating privilege is suspended or revoked, the department shall forward a certified copy of the record of such action to the motor vehicle administrator in the state wherein such person resides if there is a reciprocity agreement with the other state.
75 Pa.C.S. § 1546.

vania.[4] The Department failed to properly notify Brozena at his Virginia address of the suspension of his Pennsylvania operating privileges. As the Department, in order to suspend an out-of-state drivers operating privileges in Pennsylvania must notify that person, the Department's failure to do so is administrative error. We note that Brozena does not have a Pennsylvania driver's license, did not live in Pennsylvania and hadn't done so for 17 years. Thus, he can not be found to have violated 75 Pa.C.S. § 1547 of the Vehicle Code as this section applies to Pennsylvania residents.

Third, Brozena contends that the Department was guilty of delay and Brozena was prejudiced by that delay. In order to sustain an appeal of a license suspension based on delay, Brozena must prove that: (1) an unreasonable delay chargeable to the Department led him to believe that his operating privileges would not be impaired; and (2) prejudice would result by having his operating privileges suspended after such delay. *Fisher v. Department of Transportation, Bureau of Driver Licensing*, 682 A.2d 1353 (Pa.Cmwlth.1996).

An unreasonable delay will be determined based upon the circumstances of each individual case. *Lancos v. Department of Transportation, Bureau of Driver Licensing*, 689 A.2d 342 (Pa.Cmwlth.1997). Administrative delay may be considered for the purposes of determining whether the Department committed an unreasonable delay. *Id.* Thus, the Department has the burden of proving that the delay was caused by some factor other than mere administrative inaction. *Department of*

*Transportation, Bureau of Driver Licensing v. Turner*, 155 Pa.Cmwlth. 106, 624 A.2d 759 (1993).

In the present controversy, the Department failed to properly notify Brozena, failed to suspend Brozena's license under the correct section of the Code, and did nothing regarding this incident for over one year.

In *Terraciano v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing*, 562 Pa. 60, 753 A.2d 233 (2000), our Supreme Court determined that in addition to establishing the Department's responsibility for the delay, Brozena must also establish that the unreasonable delay led him to believe that his operating privileges would not be suspended, and that he would suffer prejudice by having his license suspended after the delay. *Id.* at 68, 753 A.2d at 237. Prejudice is established when a licensee shows that he, believing his privileges were no longer impaired, changed his circumstances to his detriment. *See Fisher v. Department of Transportation, Bureau of Driver Licensing*, 682 A.2d 1353, 1356 (Pa.Cmwlth.1996).

A review of the record reveals that Brozena, believing he had a clear record after completing the ARD program, took a job in Pennsylvania, moved his family from Virginia to Pennsylvania and attempted to acquire a Pennsylvania driver's license. The Department failed to show how this mistake was not administrative error. Therefore, we are constrained to reverse the decision of the trial court.[5]

---

4. However, the Department is correct that it is not required to notify the given state of a license suspension unless that state has a reciprocity agreement with Pennsylvania and there is nothing of record to suggest that an agreement of this type exists.

5. We will not address the whether the Department had sustained its burden of proof regarding Brozena's license suspension, as we reverse on other grounds.

Accordingly, we reverse the decision of the trial court.

### ORDER

AND NOW, this 11th day of June, 2002, the order of the Court of Common Pleas of Lehigh County in the above captioned matter is reversed.