IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin M. Hickox,                                 :
                Appellant                 :
                                        :
                    v.                          :  No. 1008 C.D. 2015
                                          :  Submitted: May 12, 2017
Commonwealth of Pennsylvania,          :
Department of Transportation,              :
Bureau of Driver Licensing                  :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: June 30, 2017

This case comes to this Court following our remand to the Court of Common Pleas of Cambria County (trial court). Justin M. Hickox, *pro se*, has appealed the trial court's remand order that affirmed a one-year suspension of his operating privileges imposed by the Department of Transportation, Bureau of Driver Licensing (PennDOT). Hickox contends the trial court erred because PennDOT's four-year delay in notifying him of the suspension has caused him substantial prejudice. Concluding that the trial court's Rule 1925(a) opinion does not address the merits of Hickox's appeal, we are constrained to remand.

We begin with a history of the case. On February 11, 2010, Hickox was convicted of a summary offense for driving while his operating privilege was suspended. *See* Section 1543 of the Vehicle Code, 75 Pa. C.S. §1543.[1] On

---

[1] It states, in relevant part, as follows:
**(Footnote continued on the next page . . . )**

February 19, 2010, PennDOT sent a notice to Hickox that his operating privileges were suspended for one year, effective March 3, 2010. The notice further explained that to serve the suspension, Hickox was required to return his driver's license to PennDOT.

On May 6, 2014, Hickox filed a *nunc pro tunc* appeal of his one-year suspension to the trial court, asserting that he did not receive PennDOT's suspension notice when sent in 2010. Shortly after his conviction on the summary offense, Hickox filed a change of address with PennDOT in anticipation of his move to the State of Washington. Nevertheless, PennDOT mailed its suspension notice to his prior address in Bellefonte, Pennsylvania. Hickox asserted that PennDOT's error constituted a breakdown in its operations, warranting a *nunc pro*

---

**(continued . . . )**

(a) Offense defined.-Except as provided in subsection (b) [relating to a suspension for driving under the influence of alcohol or a controlled substance], any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

***

(c) Suspension or revocation of operating privilege.--Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:

(1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, and had not been restored, the department shall suspend the person's operating privilege for an additional one-year period.

(2) If the department's records show that the person was under revocation on the date of violation, and had not been restored, the department shall revoke the person's operating privilege for an additional two-year period.

75 Pa.C.S. §1543(a) and (c).

2

*tunc* appeal. Hickox explained that shortly after his move to Washington, he was arrested and extradited to Pennsylvania. He was incarcerated in Pennsylvania until February 15, 2014. Upon his release, he learned, for the first time, of his 2010 driver license suspension.

The trial court granted Hickox's *nunc pro tunc* appeal and conducted a hearing on the merits of PennDOT's suspension of his operating privilege. Hickox was the only party to testify.

Hickox testified that on February 4, 2010, he went to the driver license center in Rockview, Pennsylvania, where he executed a change of address form and request to cancel his Pennsylvania driver's license because he was moving to another state. At the trial court hearing, Hickox produced a copy of the change of address form, and it was admitted into evidence. Certified Record (C.R.), Item No. 10, Hickox Exhibit 1. On March 1, 2010, the State of Washington issued him a driver's license. Hickox did not drive during the four years he was in prison. Hickox contended that to make him serve the suspension now will be prejudicial because his current job requires him to drive, and he holds a commercial license.[2]

On September 11, 2014, the trial court dismissed Hickox's suspension appeal, and he appealed. On September 22, 2014, the trial court issued an order directing Hickox to file a concise statement of errors complained of on appeal within 21 days. *See* PA. R.A.P. 1925(b)(2).[3] When he did not meet that deadline,

---

[2] Hickox's Certified Driving History, dated May 30, 2014, lists his license as a Class B Commercial Driver's License. PennDOT Supplemental Reproduced Record at 22b (S.R.R. __).

[3] It states:

> If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order

**(Footnote continued on the next page . . . )**

3

the trial court refused to issue an opinion in support of its dismissal of Hickox's appeal.

On July 10, 2015, Hickox filed a petition for special relief stating that "[b]ecause of a mixup with the mail system [he] did not receive the order until after the expiration of the time limit to comply with this order." S.R.R. 34b. Hickox requested permission to file a statement of errors complained of on appeal *nunc pro tunc*, but the trial court did not respond to the petition.

On appeal to this Court, Hickox asserted that he did not receive the trial court's order requiring him to file a statement of errors complained of on appeal until after the court's deadline for doing so had passed. The Pennsylvania Rules of Appellate Procedure authorize a remand for a determination of whether the statement of errors complained of on appeal was timely served. PA. R.A.P. 1925(c)(1).[4] The Rules also authorize the filing of a statement of errors

---

**(continued . . . )**

> directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

***

> 2) *Time for filing and service*--The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

PA. R.A.P. 1925(b)(2).

[4] It states as follows:

**(Footnote continued on the next page . . . )**

complained of on appeal *nunc pro tunc*.[5]   Accordingly, we remanded to the trial court for a disposition of Hickox's petition to file a statement of errors complained of on appeal *nunc pro tunc*.  *Hickox v. Department of Transportation, Bureau of Driver Licensing*, (Pa. Cmwlth., No. 1008 C.D. 2015, filed May 18, 2016).

On July 26, 2016, the trial court granted Hickox's petition, and he filed a statement of errors.  The statement contended that "the trial court erred in affirming the suspension of [his] operating privileges when [PennDOT] failed to rebut evidence that [it] failed to properly serve him with an order of suspension."  Certified Record, Item No. 40.  The trial court then issued an opinion pursuant to PA. R.A.P. 1925(a)(1).[6]  It states, in its entirety, as follows:

> This Court received [Hickox's] "Concise Statement of Errors Complained of on Appeal" on September 23, 2016.  [Hickox] submits in his statement that the Court "… erred in affirming the suspension of [his] operating privileges when the

**(continued . . . )**

An appellate court may remand in either a civil or criminal case for a determination as to whether a Statement had been filed and/or served or timely filed and/or served.

PA. R.A.P. 1925(c)(1).

[5] It states, in relevant part, as follows:

In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

PA. R.A.P. 1925(b)(2).

[6] Rule 1925(a)(1) states, in relevant part, as follows:

[U]pon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

PA. R.A.P. 1925(a)(1).

> Commonwealth failed to rebut evidence that [PennDOT] failed to properly serve him with an order of suspension."
>
> [Hickox] is mistaken. The record shows that he was eventually properly served with an Order of Suspension.

Trial Court Pa. R.A.P. 1925(a) Opinion at 1. Hickox has again appealed to this Court.

On appeal, Hickox contends that PennDOT erred by sending the 2010 notice of suspension to the wrong address and that he was prejudiced by the delay in the suspension because his current job requires him to drive. He could have easily served the one-year suspension during the four years he was incarcerated had he received the notice and learned that to serve the suspension he had to surrender his Pennsylvania license. He learned of the suspension only after he attempted to transfer his Washington State driver's license to Pennsylvania.[7]

Generally, a delay in imposing a suspension of a licensee's operating privileges will not sustain an appeal unless the delay has caused prejudice. *Brozena v. Department of Transportation, Bureau of Driver Licensing*, 802 A.2d 1 (Pa. Cmwlth. 2002). Specifically, the standard is as follows:

> In order to sustain an appeal of a license suspension based on delay, [a licensee] must prove that: (1) an unreasonable delay chargeable to [PennDOT] led him to believe that his operating privileges would not be impaired; and (2) prejudice would result by having his operating privileges suspended after such delay.

---

[7] Hickox testified he had a valid Washington driver's license because he "was not in the national driver's registry for being suspended in Pennsylvania." Hearing of August 20, 2014, Notes of Testimony at 5.

6

*Id*. at 5. "What constitutes an unreasonable delay will depend upon the circumstances of each individual case." *Terraciano v. Department of Transportation, Bureau of Driver Licensing*, 753 A.2d 233, 236 (Pa. 2000).

Rule 1925(a)(1) requires the trial court to "file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found." PA. R.A.P. 1925(a)(1). Where "the trial court [does] not satisfy the requirements of Rule 1925(a), the proper course is to remand to the trial court with instructions to prepare a proper opinion and return it to the reviewing panel." *Miller Development Corporation v. Union Township Municipal Authority*, 666 A.2d 391, 395 (Pa. Cmwlth. 1995).

Hickox asserts that in 2010 he filed a change of address form with PennDOT, which disregarded it. Instead, PennDOT sent the notice of suspension to another address, which caused a four-year delay in the suspension of his license. This delay has caused him prejudice because his job requires a driver's license.

Notably, PennDOT, although present at the hearing, presented no evidence. The trial court admitted Hickox's change of address form without objection from PennDOT. However, the trial court did not make a factual determination on whether Hickox notified PennDOT of his new address in 2010 or whether Hickox established prejudice. Because the trial court granted Hickox a *nunc pro tunc* appeal, it appears to have accepted Hickox's claim that there had been a breakdown in the administrative process because PennDOT sent the suspension notice to an incorrect address.

The trial court's 2014 order stated that the suspension was "proper," and its Rule 1925(a) opinion states that the notice of suspension was "eventually"

7

served on Hickox. It cannot be ascertained from these statements whether the trial court found that PennDOT erred in the mailing of its suspension notice or whether it even considered Hickox's claim of prejudice. Express findings are needed before this Court can conduct a meaningful appellate review.

Accordingly, the matter is again remanded to the trial court with instructions to prepare an adequate Rule 1925(a) opinion.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin M. Hickox,                          :
                    Appellant             :
                                          :
        v.                                :  No. 1008 C.D. 2015
                                          :
Commonwealth of Pennsylvania,             :
Department of Transportation,             :
Bureau of Driver Licensing                :

## **O R D E R**

AND NOW, this 30th day of June, 2017, the above-captioned matter is REMANDED to the Court of Common Pleas of Cambria County with the instructions that it prepare an opinion in accordance with Pennsylvania Rule of Appellate Procedure 1925(a) within thirty (30) days of the date of this Order.

The Chief Clerk shall send a copy of this Order to the Honorable F. Joseph Leahey, Senior Judge of the Court of Common Pleas of Cambria County and to the Prothonotary of Cambria County.

Jurisdiction retained.

_____
MARY HANNAH LEAVITT, President Judge